JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

    450 Golden Gate Avenue, 11th Floor
    San Francisco, CA 94102
    Telephone: 415.436.7303
    Facsimile: 415.436.7234
    Email: david.countryman@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-0675 PJH |
|     Plaintiff, | |
| v. | SETTLEMENT AGREEMENT |
| APPROXIMATELY $21,380 IN UNITED STATES CURRENCY; APPROXIMATELY $17,000 IN UNITED STATES CURRENCY; APPROXIMATELY $2,265 IN UNITED STATES CURRENCY; | |
|     Defendant. | |

The parties stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendants are: approximately $21,380 in United States Currency ("defendant $21,380"); approximately $17,000 in United States Currency ("defendant $17,000"); and approximately $2,265 in United States Currency ("defendant $2,265," collectively "defendant property"). After proper notification and publication was given, Donny Chong, Eric Chong, Luong Chong, Quyen Chong, and Sindy Chong (the "claimants") were the only people to file a timely Claim in this action. As a result,

only the Chongs have a right to defend the defendant property. The United States and the claimants are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

2. After full and open discussion, the parties agree to resolve any and all claims against the defendant property, as well as against any and all past and present officials, employees and agents of the United States, including those at the United States Department of Justice, arising out of the facts alleged in the Complaint for Forfeiture filed on or about May 28, 2008.

3. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

4. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

5. This settlement is a compromise over disputed issues and does not constitute any admission of wrongdoing or liability by any party.

6. The parties agree that claimants release and discharge and hold harmless the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the facts alleged in plaintiff's Complaint for Forfeiture.

7. Claimants do not contest that the United States has sufficient evidence to support the forfeiture of defendant property. In order to resolve this case without the expense of further litigation, however, the parties have agreed that defendant $21,380 and defendant $2,265 shall be

1  forfeited to the United States and that defendant $17,000 (plus all interest accrued on defendant
2  $17,000) shall be returned to claimant Sindy Chong. The return of defendant $17,000 shall be in
3  full settlement and satisfaction of any and all claims by the claimants, their heirs, representatives
4  and assignees to defendant property.

5      8.    The United States and Claimant agree that each party shall pay its own attorneys'
6  fees and costs.

7      9.    Based on the foregoing Settlement Agreement between the United States,
8  claimants, the Parties agree that, subject to the Court's approval, this action be and hereby is
9  DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with
10 this Settlement Agreement be entered.

IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: August 6, 2009

DAVID COUNTRYMAN
Assistant United States Attorney

Dated: 20 July, 2009

DAVID M. MICHAEL
Attorney for Claimants DONNY CHONG, ERIC CHONG, LUONG CHONG, QUYEN CHONG, and SINDY CHONG

Dated: 7/17/09, 2009

DONNY CHONG
Claimant

Dated: 7/20/09, 2009

ERIC CHONG
Claimant

///
///

SETTLEMENT AGREEMENT
No. 09-0675 PJH                        3

Dated: __7/20/09__, 2009        _____
                                LUONG CHONG
                                Claimant

Dated: __7·16·09__, 2009        _____
                                QUYEN CHONG
                                Claimant

Dated: __7·16·09__, 2009        _____
                                SINDY CHONG
                                Claimant

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS __7th__ DAY OF __August__, 2009.

_____
HON. PHYLLIS J. HAMILTON
United States District Judge

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

SETTLEMENT AGREEMENT
No. 09-0675 PJH                                4